OPINION
{¶ 1} Defendant-appellant Michael L. Keaton appeals from his conviction and sentence for Receiving Stolen Property, following a no-contest plea. Keaton contends that the trial court erred by overruling his motion to suppress statements he made at the scene to the arresting officer. We conclude that there is evidence in the record to *Page 2 
support the trial court's finding that Keaton, although detained, was not in custody at the time of the statements. Therefore, there was no requirement to advise Keaton of his rights under Miranda v. Arizona
(1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Accordingly, the trial court did not err in overruling the motion to suppress, and the judgment of the trial court is Affirmed.
 I {¶ 2} The trial court made the following findings of fact:
 {¶ 3} "On May 21, 2006 at 12:20 a.m. Officer Doug Sharritts of the Miamisburg Police Department was on the road patrol working third shift. He was alone and in a marked vehicle. He had received a dispatch on a report of a suspicious vehicle. He went to Westover Park which closes at dusk and observed a silver Ford Taurus in the parking lot. As he was approaching that vehicle he ran the license plate and his computer in his vehicle alarmed that there was some sort of a hit on that license plate.
 {¶ 4} "He then exited his vehicle, his cruiser, approached the vehicle and identified himself to the driver. The driver identified himself as Michael Keaton. The officer asked Mr. Keaton for his license and registration. The defendant then volunteered that he didn't have a registration but he did have the title. The officer then examined the title, which quite frankly created reasonable suspicion. The title was in the name of someone else, it had not been properly certified or transferred to Mr. Keaton, and it bore a license number hand written on the title that was different than that on the vehicle.
 {¶ 5} "The defendant was then asked why he was parked in the parking lot and *Page 3 
he said he was waiting for a friend. He indicated he owned the vehicle. The officer then went back to his vehicle while the defendant remained in his vehicle. The officer was advised by dispatch that the license plate was stolen. The officer then approached the defendant and simply stated that the plates came up stolen. The defendant spontaneously stated that the tags were on the car when he bought it.
 {¶ 6} ". . . .
 {¶ 7} "With regard to the defendant's fifth amendment rights, the court finds that the defendant was not in custody at the time of the encounter, nor was he in custody or detained at the time he made an unsolicited and spontaneous statement that the plate was on the car when he bought it. Instead there was no interrogation. In order to implicate Miranda there must first be custody and then there must be interrogation. The court finds that the defendant was not in custody. If he was considered in custody the court finds that there was no interrogation. Instead the defendant made an unsolicited statement to the officer that does [not] implicate the fifth amendment."
 {¶ 8} With respect to the facts found by the trial court, there is evidence in the record to support those findings.
 {¶ 9} Keaton was arrested and charged by indictment with Receiving Stolen Property. He moved to suppress the statements he made to Sharritts. Following a hearing, the trial court overruled Keaton's motion to suppress. Thereafter, Keaton pled no contest, was found guilty, and was sentenced accordingly. From his conviction and sentence, Keaton appeals.
 II *Page 4 {¶ 10} Keaton's sole assignment of error is as follows:
 {¶ 11} "THE TRIAL COURT ERRED IN HOLDING THAT MR. KEATON WAS NOT SUBJECT TO CUSTODIAL INTERROGATION IN VIOLATION OF HIS FIFTH AMENDMENT RIGHTS."
 {¶ 12} Keaton contends that the trial court erred both in finding that he was not subject to interrogation, and in finding that he was not in custody. We find it unnecessary to determine whether Sharritts' having confronted Keaton with the fact that the license plate had come back stolen constituted the functional equivalent of interrogation, since we agree with the State and with the trial court that Keaton was not in custody at the time.
 {¶ 13} In arguing that he was in custody, Keaton relies upon Sharritts' admission that he, Keaton, would not have been free to leave once the license plate on the car he was occupying, and that he claimed was his, had been confirmed to have been stolen. But the test for distinguishing between a suspect's being in custody, for purposes of the application of Miranda v. Arizona, supra, and a suspect's merely being briefly detained for investigative purposes, is what a reasonable person in the suspect's position would have understood, not what the officer's subjective intent was. State v. Healy (August 4, 2000), Montgomery App. No. 18232.
 {¶ 14} Sharritts testified that he used a conversational tone of voice in his dealings with Keaton. From Keaton's point of view, he was parked in a public park after midnight, and a police officer had approached his vehicle, informed him that the park was closed to the public after dusk, and asked to see his license and registration. This was an interaction that a reasonable person would have understood to be, at most, a *Page 5 
brief investigative stop that might result, at worst, in the issuance of a citation. When Sharritts informed Keaton that the license plate on the vehicle came back as being a stolen license plate, Sharritts again used a conversational tone. Sharritts did not accuse Keaton of any complicity in the theft. The trial court could find, as it did, that a reasonable person in Keaton's position would not have understood that he was then in custody, but rather that he was being detained, briefly, to investigate the circumstances concerning the stolen license plate.
 {¶ 15} The result in this case might be different if there were any circumstances to suggest to an objectively reasonable person that he or she was in serious legal difficulty that would be unlikely to result in the person being free to go after a brief investigative detention. These circumstances might include, for example, drawn weapons, removing the suspect from his vehicle and patting him down or handcuffing him, or words or a tone of voice indicating a more serious situation. There were no such circumstances in this case.
 {¶ 16} Sharritts was under no obligation to issue warnings as required by Miranda v. Arizona, supra, until he arrested Keaton, following which the required warnings were given.
 {¶ 17} Keaton's sole assignment of error is overruled.
 III {¶ 18} Keaton's sole assignment of error having been overruled, the judgment of the trial court is Affirmed. *Page 6 
 WOLFF, P.J., and GRADY, J., concur. *Page 1